UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| --- | --- |
| VERSUS | NO: 11-271 |
| MARC GUYTON | SECTION: "H"(3) |

## ORDER AND REASONS

Before the Court is Defendant Marc Guyton's Petition for Relief under 28 U.S.C. § 2255 (Doc. 1406). For the following reasons, the Petition is DENIED.

## BACKGROUND

On May 4, 2013, Defendant Marc Guyton pleaded guilty to one count of Conspiracy to Possess with Intent to Distribute one kilogram or more of heroin pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement in which Defendant and the government agreed to a sentence of 240 months in prison. Pursuant to the agreement, Guyton waived his right to appeal his guilty plea, conviction, or sentence, as well as his right to collaterally challenge his sentence under 28 U.S.C. § 2255. The agreement retained only the right to directly appeal a sentence that was imposed in excess of the statutory maximum or bring a post-conviction challenge if an ineffective assistance of

1

counsel directly affected the validity of his waiver of appeal or the guilty plea itself. The Court accepted Defendant's guilty plea pursuant to the Rule 11(c)(1)(C) agreement, and he was sentenced to 240 months in prison. Defendant's appellate counsel filed an *Anders* brief, stating that Defendant's appeal did not present any meritorious issues.

Defendant now files the instant petition for relief pursuant to 28 U.S.C. § 2255, arguing the ineffective assistance of appellate counsel. Defendant argues that appellate counsel erred in failing to argue that the district court did not properly calculate the sentencing guidelines applicable to Defendant because it improperly considered the conspiracy-wide drug quantity rather than the quantity of heroin that was reasonably foreseeable to Defendant. The Government opposes this Motion, arguing that Defendant has waived his right to bring it and, alternatively, that he cannot succeed on his claim for ineffective assistance of counsel.

## **LEGAL STANDARD**

28 U.S.C. § 2255(a) provides a prisoner with four grounds upon which he may seek relief from his sentence: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack."[1] Generally, a claim not raised on direct appeal may not be raised on collateral review "unless the petitioner shows cause and prejudice" or actual innocence.[2] The Supreme Court has held, however, that "failure to raise an ineffective-assistance-of-counsel claim on

---

[1] 28 U.S.C. § 2255(a).
[2] Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 622 (1998).

2

direct appeal does not bar the claim from being brought" in a § 2255 proceeding.[3]

## **LAW AND ANALYSIS**

The Government argues that Defendant waived his right to collaterally attack his sentence in his 11(c)(1)(C) plea agreement. "A defendant may waive his right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary."[4] A waiver is knowing and voluntary "if the defendant indicates that he read and understood the agreement and the agreement contains an explicit, unambiguous waiver of appeal."[5] The district courts must endeavor to determine whether the defendant understands the provisions of the plea agreement waiving his right to appeal.[6]

Here, Defendant's plea agreement expressly stated that Defendant knowingly and voluntarily waived his right to appeal, contest, or collaterally challenge his sentence, including all rights under 28 U.S.C. § 2255. The only appeal rights that Defendant retained in the plea agreement were the rights to bring a direct appeal of any sentence imposed in excess of the statutory maximum or a post-conviction challenge for ineffective assistance of counsel directly affecting the validity of the waiver of appellate rights or the validity of the guilty plea itself. During the colloquy between Defendant and the Court at his rearraignment, Defendant acknowledged that he understood that the plea agreement waived his "right to appeal and to contest [his] sentence in any post-conviction proceeding except under the very limited circumstances outlined in

---

[3] *Massaro*, 538 U.S. at 509; *see also, e.g.*, United States v. Johnson, 124 F. App'x 914, 915 (5th Cir. 2005).
[4] United States v. Keele, 755 F.3d 752, 754 (5th Cir. 2014).
[5] *Id.*
[6] *Id.*

3

the plea agreement."[7] Defendant was represented by counsel at the rearraignment.

Defendant does not dispute that the instant § 2255 claim for the ineffectiveness of appellate counsel in appealing the calculation of his sentence fits within the scope of this waiver. Rather, Defendant submits two arguments against a finding that his § 2255 claim is waived: (1) he argues that the waiver was not knowing and voluntary because the district court did not adequately explain the rights that he was waiving, and (2) that a finding of waiver would be a miscarriage of justice.

First, Defendant argues that the waiver was not knowing and voluntary because he did not understand that he would not be able to appeal or challenge the calculation of his sentencing guidelines. The Fifth Circuit has stated that, "If the district court accurately explains the terms and consequences of the waiver of appeal and the defendant states on the record that he understands them, the defendant's later contention that he did not really understand will not invalidate the waiver."[8] Defendant argues that the Court's statement that he was waiving his right to contest his sentence "except under the very limited circumstances outlined in the plea agreement" was insufficient to advise him that he was waiving the right to appeal the quantity calculation. Defendant has not, however, cited any case that requires the Court to detail each possible claim that Defendant is waiving.[9] The Fifth Circuit has found a waiver to be knowing in a nearly identical situation.

---

[7] Doc. 648.
[8] United States v. Jacobs, 635 F.3d 778, 781 (5th Cir. 2011).
[9] The cases cited by Defendant are easily distinguishable. *See* United States v. Baty, 980 F.2d 977, 978 (5th Cir. 1992) (holding that waiver was not knowing when the defendant asked about the waiver and it was not properly explained); United States v. Robinson, 187 F.3d 516, 518 (5th Cir. 1999) (holding that waiver was not knowing when court did not engage in any colloquy with defendant regarding the waiver and whether he understood it); United

4

In *United States v. Osuagwu*, the Fifth Circuit found that, "Because the record show[ed] that [the defendant] knew he had a right to appeal his sentence and that he was giving up that right," the waiver was knowing and voluntary.[10] This was true even when the district court did not inform the defendant of all of the exceptions to the appeal waiver.[11] The Fifth Circuit held that it was sufficient for the district court to inform the defendant that he was waiving his right to appeal "except in the limited circumstances provided in the agreement," and to confirm that he had read and understood the agreement.[12] "[W]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal."[13]

Here, the record indicates that Defendant affirmed his understanding that he was waiving his right to appeal and to contest his sentence in any post-conviction proceeding except under the very limited circumstance outlined in the plea agreement.[14] Further, the government at Defendant's rearraignment advised that the plea agreement stated that the defendant understood that he was waiving "most if not all of his appellant rights and rights to post-conviction relief except in very narrow circumstances outlined in the agreement."[15] Indeed, the written plea agreement explicitly provided that Defendant "waives

---

States v. Delgado-Ramirez, 236 F. App'x 983, 984 (5th Cir. 2007) (holding that waiver was not knowing when court's summary of waiver was incorrect or misleading).

[10] 354 F. App'x 158, 163 (5th Cir. 2009).
[11] *Id.*
[12] *Id.*
[13] United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005) (quoting United States v. Portillo, 18 F.3d 290, 293 (5th Cir. 1994)).
[14] Doc. 648.
[15] Doc. 648, p.17.

5

and gives up his right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment."[16] Defendant was given an opportunity to ask questions regarding the plea agreement, which he declined. Accordingly, the record shows that Defendant knew he had the right to appeal his sentence and that he was giving up that right. The waiver was therefore knowing and voluntary.

Defendant next argues that this Court should set aside the waiver on the grounds that its enforcement would be a miscarriage of justice. The Fifth Circuit has not adopted the miscarriage of justice exception to the enforcement of appeal waivers applied in other circuits.[17] Even so, it has expressly stated that "relatively standard challenges to the district court's guidelines sentence range calculation," as here, "would not fall within a miscarriage of justice exception."[18] Accordingly, such an extraordinary remedy is not warranted.[19] Defendant has waived the right to collaterally challenge his sentence.

## **CONCLUSION**

For the foregoing reasons, Defendant's Petition is DENIED.

---

[16] Doc. 660.
[17] United States v. Ford, 688 F. App'x 309 (5th Cir.) ("[W]e have not adopted such an exception to the enforcement of appeal waivers.").
[18] United States v. De Cay, 359 F. App'x 514, 516 (5th Cir. 2010); *see* United States v. Maurer, 377 F. App'x 409, 410 (5th Cir. 2010).
[19] Other circuits apply this exception only in extraordinary circumstances. *See* United States v. Velez-Luciano, 814 F.3d 553, 564 (1st Cir. 2016) (holding that enforcement of supervised release condition that the government now "expressly disavows" would be a miscarriage of justice); United States v. Adams, 814 F.3d 178, 182 (4th Cir. 2016) (holding that a proper showing of "actual innocence" satisfies the miscarriage of justice requirement).

New Orleans, Louisiana this 22nd day of June, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**